UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-454-GWU

JEFFERY W. STEWART,                                                                             PLAINTIFF,

VS.                     **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                   DEFENDANT.

## INTRODUCTION

Jeffery Stewart brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

|   |   |
|---|---|
|   | Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921. |
| 4. | Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d). |
| 5. | Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a). |
| 6. | Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e). |
| 7. | Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1). |

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

07-454  Jeffery W. Stewart

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

3

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-454 Jeffery W. Stewart

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

07-454  Jeffery W. Stewart

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Stewart, a 41-year-old former horse groomer with a "limited" education, suffered from impairments related to asthma, hepatitis C and lumbar strain/sprain. (Tr. 19, 23). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 20, 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 23-24). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-454 Jeffery W. Stewart

The hypothetical question presented to Vocational Expert James Miller included an exertional limitation to medium level work, restricted from a full range by such non-exertional limitations as (1) an inability to perform work requiring one to sit, stand, or walk for more than six hours each in an eight-hour day; (2) an inability to more than occasionally bend, squat, crawl or climb; (3) an inability to reach above shoulder level more than frequently; and (4) a need to avoid exposure to pulmonary irritants such as dust, fumes, and gases. (Tr. 114). In response, the witness identified a significant number of jobs in the state and national economies which could still be performed. (Id.). Therefore, assuming that the vocational factors considered by Miller fairly depicted Stewart's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Stewart's condition as required by Varley. The question included all of the physical restrictions identified by Dr. Stephen Nutter, an examining consultant, on a Functional Capacities Form.[1] (Tr. 258). Dr. Kip Beard, another examiner, opined that the plaintiff would have some limitation with regard to heavy lifting or carrying, repetitive bending at the waist, and prolonged standing or walking. (Tr. 181). The hypothetical factors appear

---

[1] The plaintiff asserts that the ALJ erred in omitting a "mild to moderate" restriction on pushing or pulling heavy objects which was noted in the text of Dr. Nutter's narrative report. (Tr. 257). However, since the claimant was limited to medium level work, this restriction was implicitly accommodated.

07-454 Jeffery W. Stewart

essentially consistent with these restrictions as well.[2] More severe functional restrictions were not reported by such treating and examining sources as the staff at the Munroe Regional Medical Center (Tr. 127A-135), the staff at the Marion County Health Department (Tr. 136-162), the staff at Clover Fork Outpatient Medical Project, Inc. (Tr. 163-171, 248-250), the staff at the Harlan Medical Center (Tr. 172-175), the staff at the Ocala Regional Medical Center (Tr. 204-213, 246-247), the staff at Appalachian Regional Healthcare (Tr. 232-237), Dr. Sharon Colton (Tr. 238-244), and the staff at Express Care (Tr. 251-252). These reports provide substantial evidence to support the administrative decision.

Dr. Humilidad Anzures (Tr. 185-193) and Dr. Timothy Gregg (Tr. 194-202), the non-examining medical reviewers, each opined that Stewart could perform a restricted range of medium level work. The reviewers included among their restrictions a need to avoid concentrated exposure to extreme cold and humidity which was not included in the ALJ's hypothetical question. (Tr. 189, 198). The plaintiff asserts that this omission was reversible error. However, as previously noted, the hypothetical factors were compatible with the opinions of Dr. Nutter and Dr. Beard, each an examining source. The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you

---

[2] The claimant argues that the hypothetical question did not include Dr. Beard's no repetitive bending at the waist limitation. However, the question included a limitation to no more than occasional bending. Thus, the restriction was included in other words.

07-454  Jeffery W. Stewart

than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). Therefore, any error in omitting these limitations appears harmless.

Stewart argues that the ALJ erred in finding that hepatitis C was a "severe" impairment but not including any functional restrictions which would be associated with the condition. He particularly objects to the inclusion of the job of fast food worker, one of the positions cited by Miller (Tr. 114), noting that sufferers of this condition should not work where food is prepared. However, even if this position is eliminated, the witness still identified a significant number of jobs which could be performed. While the claimant asserts that medical literature such as The Merck Manual of Medical Information, Second Home Edition, Pocket Books, 2003 indicates that very serious functional limitations often arise from hepatitis C, no treating or examining medical source in the current record identified more severe restrictions than those presented in the hypothetical question. The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Therefore, the undersigned must reject Stewart's argument.

Stewart also argues that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles (DOT). The plaintiff's representative asked Miller to identify the DOT numbers of each of the positions cited in response to the hypothetical question and the expert complied. (Tr. 124). As noted by the

07-454  Jeffery W. Stewart

claimant, the witness withdrew the position of personal care attendant because it was a semi-skilled occupation. (Tr. 124). Stewart complains that the job of stock clerk and order filler listed by Miller as DOT Number 922.487-010 does not exist and that the DOT lists the job of hand assembler (DOT Number 739.687-018) as semi-skilled. However, as noted by the defendant, the job of stock clerk and order filler <u>is</u> listed as DOT Number 222.487-014. This minor transcription error does not warrant a remand. Furthermore, even if the job of hand assembler were to be eliminated, the witness still identified a significant number of other jobs such as grocery bagger, messenger, material handler, and hand packer. Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of October, 2008.



Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**